UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAVID ATREYEL CAVINESS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-274-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| STEVE HANEY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Plaintiff David Atreyel Caviness is confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Proceeding without an attorney, Caviness has filed a civil rights action pursuant to 42 U.S.C. § 1983 regarding medical care he is currently receiving at the FCDC. [Record No. 1] He has also filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). [Record No. 2]

The Court conducts an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. This Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Caviness's claims, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Caviness alleges that, on March 18, 2018, he slipped and fell on a wet floor at the FCDC. [Record No. 1 at p. 4]. He alleges that, despite his severe pain after the fall, Defendant

Nurse Keith Gast told prison staff that he was fine. [*Id*. at p. 4-5]. Caviness further alleges that, after he asked if he could be given addition assessment, such as an x-ray or an MRI, his request was denied and he was given two Tylenol. [*Id*. at p. 5]. He states that he made this same request the next day, but this request was denied by Defendant Nurse Amy Hunt, even though he complained of severe pain. [*Id*. at p. 5]. Caviness claims that, since that date, he has suffered from back pain, stiffness, and severe headaches, and needs assistance climbing out of his bed, which is a top bunk. [*Id*.]. His overall claim appears to be that he does not believe that his head and spinal injuries were taken seriously or treated properly, particularly given the absence of an x-ray or an MRI, and that this failure to appropriate treat his injuries may have caused more damage. [*Id*.].

He alleges that Defendant Kristen Fryman, Medical Administrator, neglected to advise staff to evaluate his injuries beyond the in-unit evaluation. [*Id*.]. He further alleges that Defendant Steve Haney, FCDC Director, failed to provide "Caution Wet Floor" signs and failed to hire the proper staff, resulting in Caviness's injury being neglected. [*Id*. at p. 7]. Based on these allegations, Caviness seeks $100,000.00 in monetary damages, $100,000.00 in punitive damages, and to be properly evaluated and treated. [*Id*. at p. 6].

As currently drafted, Caviness's claims must be dismissed for failure to state a claim for relief as required by Rule 8 of the Federal Rules of Civil Procedure. A Complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F.3d at 470. Although the Court has an obligation to liberally construe a Complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x

155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

While Caviness completed a form Complaint used to assert a claim that a government official or employee violated his civil rights (made pursuant 42 U.S.C. § 1983), his Complaint fails to identify any of his constitutional rights that he claims have been violated. With respect to his medical care, at most, Caviness's Complaint alleges that he disagreed with the medical treatment he was receiving and suggests that the medical staff may have been negligent in failing to take an x-ray or MRI. However, claims of medical negligence alone do not violate the Eighth Amendment. *Gibson v. Moskowitz*, 523 F. 3d 657, 661-63 (6th Cir. 2008). Similarly, to the extent that Caviness suggests that Haney was negligent in failing to utilize "Caution Wet Floor" signs and/or in the hiring of prison staff, the Supreme Court has long held that a government official is not liable when a negligent act causes a violation of the plaintiff's civil rights. Instead, intentional conduct is required. *Daniels v. Williams*, 474 U.S. 327, 330-34 (1986).

These deficiencies aside, Caviness also clearly indicates that he is pursuing his § 1983 claims against Defendants in their "official capacities" only. [Record No. 1 at p. 2]. An "official capacity" claim against a state officer is not a claim against the officer arising out of his conduct as an employee of the state, but is actually a claim directly against the state agency which employs him. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,

individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, Caviness's "official capacity" claims against Defendants are construed as civil rights claims against the municipality which employs them, the Lexington-Fayette Urban County Government ("LFUCG"). Similarly, Caviness's claims against the FCDC are also construed against the LFUCG, as the FCDC is not a person or legal entity which may be sued under 42 U.S.C. § 1983. *See Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. 2000) (holding that the Shelby County Jail is not subject to suit under § 1983).

And while Caviness claims that the actions of the jail staff was wrongful, he does not assert that these actions were taken pursuant to an established policy of the LFUCG. Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Caviness points to no such policy in his Complaint. Thus, his claims are subject to dismissal for failure to state a claim. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision making channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

The Court has no authority to create claims that Caviness has not made. *Coleman*, 79 F. Appx. at 157. Thus, as Caviness clearly indicates his intention to pursue his claims against Defendants in their official, as opposed to individual capacities, his claims fail and his Complaint will be dismissed without prejudice. That said, Caviness may file a new case by filing a Complaint in compliance with the requirements set forth above if he so chooses. Indeed, the Court recognizes that some of the deficiencies of Caviness's Complaint may be the result of his use of a confusing Complaint form, which is not the form approved for use by this Court. Accordingly, the Court will direct the Clerk of the Court to forward Caviness a Court-approved form Complaint.

Should Caviness subsequently pursue his claims against Defendants in their individual capacities by use of the Court-approved form, he must also pay the $350.00 filing fee and the $50.00 administrative fee. Fed. R. Civ. P. 3; 28 U.S.C. § 1914. If he demonstrates that he cannot do so, he may file a motion to pay it in installments under 28 U.S.C. § 1915. If he wishes to file such a motion, Caviness must obtain a certified statement of his inmate trust fund account from appropriate prison staff. The Clerk of the Court will also be directed to forward the appropriate forms to Caviness.

However, Caviness is advised that **before** he may file suit in court to challenge an action or decision by prison officials, he must complete, in its entirety, the applicable inmate grievance process with the FCDC. 42 U.S.C. § 1997e(a). If an inmate files suit before the prison grievance process is completed in its entirety, the Court will dismiss the case. In such case, Caviness is advised that he will still be responsible for payment of the entire filing fee, even if he is granted permission to pay the fee in installments under 28 U.S.C. § 1915. Section 1915 does not permit Caviness to avoid paying the filing fee. Instead, it simply permits him

to file a motion to pay the fee over time rather than paying the full amount of the fee immediately upon filing his complaint. 28 U.S.C. § 1915(b).

Accordingly, it is hereby **ORDERED** as follows:

1. Caviness's complaint [Record No. 1] is **DISMISSED** without prejudice.

2. Caviness's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED** as moot.

3. The Clerk of the Court shall send Caviness (1) a form Civil Rights Complaint [EDKy Form 520], (2) an Affidavit of Assets / In Forma Pauperis Application [Form AO-240] and (3) a Certificate of Inmate Account [EDKY Form 523].

4. This action is **STRICKEN** from the Court's docket.

This 27th day of April 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge